**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-4788

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RODDIE PHILLIP DUMAS, SR.,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  William L. Osteen, District Judge.  (CR-04-83)

Submitted:  December 29, 2006          Decided:  February 7, 2007

Before WILKINSON, NIEMEYER, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  Gretchen C. F. Shappert, United States Attorney, Charlotte, North Carolina, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Roddie Phillip Dumas, Sr. appeals his convictions and resulting sentence for possession with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(b), 851, possession of a firearm during and in relation to a crime of violence or a drug trafficking crime, in violation of 18 U.S.C. § 924(c), possession of firearms and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g), and forcibly opposing, intimidating, and interfering with a United States Postal employee, in violation of 18 U.S.C. § 111. Dumas asserts that: (1) the search of his home was illegal; (2) there was insufficient evidence to prove possession of a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c); and (3) his sentence was unreasonable. We affirm.

Dumas first contends that the district court erred in denying his motion to suppress evidence gathered as a result of the search of his residence. This court reviews the district court's factual findings underlying such a denial for clear error, and the district court's legal determinations de novo.[*] Ornelas v. United States, 517 U.S. 690, 699 (1996); United States v. Bush, 404 F.3d 263, 275 (4th Cir.), cert. denied, 126 S. Ct. 289 (2005). When a

---

[*]The Government contends that Dumas has not previously raised the issue of the officers' use of the term "secure" versus "search" in the consent form, and thus it should be reviewed for plain error. However, it is clear from the record that the issue was discussed at both suppression hearings.

suppression motion has been denied, this court reviews the evidence in the light most favorable to the Government. <u>United States v. Grossman</u>, 400 F.3d 212, 216 (4th Cir. 2005). Despite Dumas' contention that the officers' search was outside the scope of what was necessary to "secure the property," the signed consent form clearly gave consent to "go on the property, house and building(s) and inside the vehicle(s)." Once inside the house, Dumas does not dispute that the officers found firearms and drugs in plain view. Accordingly, we find the district court did not err in denying the suppression motion.

Dumas next contends there was insufficient evidence to sustain a conviction under 18 U.S.C. § 924(c). To determine if there was sufficient evidence to support a conviction, this court considers whether, taking the evidence in the light most favorable to the Government, substantial evidence supports the verdict. <u>Glasser v. United States</u>, 315 U.S. 60, 80 (1942). The court reviews both direct and circumstantial evidence and permits the "[G]overnment the benefit of all reasonable inferences from the facts proven to those sought to be established." <u>United States v. Tresvant</u>, 677 F.2d 1018, 1021 (4th Cir. 1982).

This court has "defined 'substantial evidence' as 'evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt.'" <u>United States v. Smith</u>, 451 F.3d 209,

216 (4th Cir.) (quoting United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc)), cert. denied, 127 S. Ct. 197 (2006). We find the evidence was sufficient to support Dumas' conviction. Contrary to Dumas' contention that the gun was merely present in a room with drugs, the evidence shows that a loaded shotgun, which was possessed illegally, was located in close proximity to large amounts of cocaine and cash. Moreover, other indicia of drug trafficking were found in the room. We therefore affirm this conviction.

Finally, we will affirm a post-Booker variance sentence provided that the sentence, "falls within the statutory limits for the underlying offense and is 'reasonable.'" United States v. Moreland, 437 F.3d 424, 432 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006); see United States v. Green, 436 F.3d 449 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006). A sentence that exceeds the advisory guideline range will generally be deemed reasonable "if the reasons justifying the variance are tied to [18 U.S.C.] § 3553(a) and are plausible." Moreland, 437 F.3d at 434. We find the record reflects that the district court here adequately and properly considered all of the sentencing factors and the statutory sentencing limits. Moreover, the court's extensive reasoning was tied to § 3553(a) and plausibly justified the variance. We therefore find Dumas' sentence was reasonable.

Accordingly, we affirm Dumas' convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED